**In re John Edwin RAY, Debtor.**

**Bankruptcy No. 2–83–03255.**

United States Bankruptcy Court, S.D. Ohio, E.D.

April 15, 1985.

---

Kim Volkmar, Columbus, Ohio, for debtor.

David Monson, Asst. U.S. Atty., Joseph J. Giampapa, Columbus, Ohio, for trustee.

### ORDER ON OBJECTION TO CLAIM

GRADY L. PETTIGREW, Bankruptcy Judge.

The matter before the Court is the trustee's objection to the secured status of the claim of the Internal Revenue Service (IRS). For the reasons set out below, the Court finds that IRS has a secured claim in the amount of $415.00.

### Findings of Fact

This Chapter 13 proceeding was initiated when the debtor filed his petition for relief on October 26, 1983. In the schedules which accompanied the petition, the debtor listed $9,108.78 of secured debt, $869.00 of unsecured debt and $5,416.21 of priority tax debt. All of the priority tax debt was owed to the IRS. The debtor proposed to pay 100% of his debt in an extension plan by making 39 monthly payments.

The debtor's schedules of assets listed his property. This property consisted of the following:

| Property | Value | Consensual Encumbrances | Ohio Exemption |
|---|---|---|---|
| 1975 Toyota Corona | $400 | -0- | $400 |
| Household Goods | 600 | $300 | 300 |
| Wearing Apparel | 200 (total) | -0- | 200 |
| 1975 Windsor Trailer | 7,500 | 8,808.78 | -0- |
| Checking Account | 15 | -0- | 15 |

As is evident from the foregoing, the debtor has no property that is not subject to consensual security interests or claimed as exempt under Ohio law. The Court finds that the total value of the property claimed as exempt under Ohio law § 2329.66 O.R.C. is $915.00.

No independent evidence was presented as to the relative priority of the IRS liens and the consensual security interests on the debtor's property. However, pursuant to the request of the trustee, the Court took judicial notice of the contents of the Court file. An examination of the proofs of claim and supporting documentation of the secured creditors indicates that the lien on the debtor's trailer, held by the Navy Federal Credit Union, was noted on the trailer's certificate of title on May 10, 1977. The lien on the debtor's household goods was evidenced by a financing statement filed with the Muskingum County Recorder's Office by City Loan & Savings on September 20, 1982.

The time of the filing of the IRS liens is less certain. The proof of claim filed by the IRS was accompanied by four notices of tax liens. These notices indicate that they were prepared in Columbus, Ohio,

March 24 and October 29 of 1982 and April 4, 1983. However, of the four notices, only one bears any evidence of filing with the appropriate recording office. That notice, filed on March 25, 1982 with the Recorder of Muskingum County, indicated a balance of $1,509.71. On March 13, 1984, the IRS filed its proof of claim asserting a total claim of $5,643.91.

The trustee filed his objection to the treatment of the IRS as a secured creditor on July 11, 1984. He argues that in light of the prior liens and the exemptions provided by Ohio law, there was no property to which the lien of the IRS could attach.

In response to the trustee's arguments, the IRS asserts that while its lien may be subordinate to the claim of the consensual lien creditors, it is not subject to limitation by the Ohio statutory exemptions. Hence, it argues that its lien attached to all property of the debtor that would otherwise be exempt under Ohio law. The only limitations on the IRS lien are set out in the schedule of property exempt from levy under the provisions of the Internal Revenue Code. 26 U.S.C. § 6334.

### Conclusions of Law

■ In order for a creditor to be classified as secured for bankruptcy purposes, it must have an interest in non-exempt property of sufficient value, after the satisfaction of all prior encumbrances, to at least collateralize its claim in whole or in part. 11 U.S.C. § 506(a), 3 *Collier on Bankruptcy* § 506.04[1] (15th ed. 1984). Hence, in order to determine the amount of the secured claim of the IRS, we must know the value of debtor's property against which the lien is effective.

### Priority of Liens

As noted above, three distinct liens are asserted against the debtor's property. Two consensual lienors, the Navy Federal Credit Union and City Loan & Savings, claim security interests in specific items of personalty owned by the debtor. The IRS claims a blanket lien on all of the debtor's personal property, including the items encumbered by the security interests just mentioned.

The lien of the Navy Federal Credit Union arose from a security agreement with the debtor, executed on March 15, 1977. An examination of the document discloses that it meets the requirements of § 1309.14 of the Ohio Revised Code and, hence, is valid between the parties to that agreement. Furthermore, this lien became valid as to third parties, such as the IRS, on May 10, 1977 when the lien was noted on the trailer's certificate of title. See Ohio Revised Code §§ 1309.21(C)(2), 4505.01 and 4505.13.

The lien of City Loan & Savings arose from a security agreement between it and the debtor executed on September 17, 1982. It too meets the requirement of § 1309.14 and hence is valid between the parties to that agreement. A financing statement evidencing this security agreement was filed with the Muskingum County Recorder on September 20, 1982 and hence was perfected at that time. See Ohio Revised Code §§ 1309.31 and 1309.38.

■ The procedures for the perfection of tax liens are set out in 26 U.S.C. § 6223. It provides that such a lien is perfected as to personal property when it is filed with the office designated by state law. Ohio has designated the County Recorder of the county in which the encumbered property is located as the proper place for the filing of tax liens. Ohio Revised Code § 317.09(A). As discussed earlier, only one of the notices of tax lien attached to the proof of claim filed by the IRS shows any proof of filing with the Muskingum County Recorder. This filing was made on March 25, 1982 and secured a lien in the amount of $1,509.71. Since the other liens bear no proof of filing, they cannot be deemed to be valid. See Bankruptcy Rule 3001(d) and the corresponding comments of the Advisory Committee. *In re King*, 37 B.R. 69 (Bky.S.D.Ohio 1984); *N.A.A.C.P. Credit Union v. Louie*, 10 B.R. 928 (Bky.E.D. Mich.1981).

In light of the foregoing, it would appear that while the lien of the IRS is subordinate to the lien held by the Navy Federal Credit Union, it is superior to the lien of City Loan & Savings. See Ohio Rev. Code § 1309.20 and 26 U.S.C. § 6323.

### Exemptions

■ As mentioned above, the IRS and the trustee disagree as to the effect of the Ohio statutory exemptions on a federal tax lien. The trustee maintains that the IRS is in the same position because of the Ohio exemptions as is any other nonconsensual creditor. The IRS, on the other hand, argues that federal tax liens are not limited by state exemption statutes, instead being limited only by the exemptions set out in the Internal Revenue Code. It appears that the IRS is correct in this analysis. This was aptly stated by the United States Supreme Court in the case of *United States v. Mitchell*, 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1970), in which a Louisiana taxpayer attempted to assert a state exemption against a tax lien held by the federal government. The high court, in response to this assertion, aptly stated the relationship between federal tax liens and state created statutory exemptions.

The results urged by the respondents might follow, of course, in connection with a tax or other obligation the collection of which is controlled by state law. But an exempt status under state law does not bind the federal collector. Federal law governs what is exempt from federal levy.

Section 6321 of the 1954 Code imposes a lien for the income tax "upon all property and rights to property ... belonging to" the person liable for the tax. Section 6331(a) authorizes levy "upon all property and rights to property ... belonging to such person...." What is exempt from levy is specified in § 6334(a). Section 6334(c) provides, "Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsec-

tion (a)." This language is specific and it is clear and there is no room in it for automatic exemption of property that happens to be exempt from state levy under state law. 403 U.S. at 204, 205, 91 S.Ct. at 1771.

See also *Aquilino v. U.S.*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *Little v. U.S.*, 704 F.2d 1100 (9th Cir.1983); *Knox v. Great Western Life Assurance Co.*, 212 F.2d 784 (6th Cir.1954). Hence, the only refuge for the debtor is the provisions of the Internal Revenue Code which exempts certain property for levy.

Section 6334 of the Internal Revenue Code, 26 U.S.C. § 6334, in its relevant part sets out the following exemptions:

(a) Enumeration.—There shall be exempt from levy—

(1) Wearing apparel and school books. —Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

(2) Fuel, provisions, furniture, and personal effects.—If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and personal effects in his household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $1,500 in value;

(3) Books and tools of a trade, business, or profession.—So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,000 in value; ...

Applying these provisions to the case at bar, it would appear that most of the debtor's property is exempt.

As discussed above, the lien of the IRS is subordinate to that of the Navy Federal Credit Union as to the debtor's trailer. Since that trailer is worth less than the Credit Union lien, the IRS must look to other property of the debtor against which to assert its secured claim.

■ The debtor's schedules indicate that he also owns clothes worth $200, household

goods worth $600, $15 in bank deposits and an automobile worth $400. The statute cited above would clearly exempt from levy the debtor's clothes from the lien of the IRS. See 26 U.S.C. § 6334(a)(1). Similarly, the Court finds that because he is the head of a household, the debtor's household goods are exempt from levy under 26 U.S.C. § 6334(a)(2).[1] Although the Court is aware of cases indicating that automobiles may be considered to be tools of the trade for exemption statutes, 37 ALR2d 714, it does not find that such an analysis would be appropriate in this case. Hence, the lien of the IRS did attach to the debtor's car. It also attached to the $15 in the debtor's checking account. Hence, the IRS has a secured claim in the amount of $415, which should bear interest at the rate set out in 26 U.S.C. §§ 6601 and 6621. 11 U.S.C. § 1325(a)(5).

IT IS SO ORDERED.

---

**1.** Section 6334(a)(2) of the Internal Revenue Code allows the exemptions contained therein to debtors who are "... the head of a family...." Although the debtor is divorced, he has custody and the corresponding responsibility for the support and maintenance of the four minor children of the former marriage. In light of this, the Court holds that he is the head of a family as that term is used in § 6334 of the Internal Revenue Code. See this Court's order of September 12, 1984.