UNITED STATES of America (Internal Revenue Service), Creditor–Appellant,

v.

Louis George BARBIER, Ruth Dean Barbier, Debtors–Appellees.

No. 88–2567.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1989.

Decided Feb. 13, 1990.

John J. Boyle, Dept. of Justice, Tax Div., Washington, D.C., for creditor-appellant.

Geoffrey L. Giles, Reno, Nev., for debtors-appellees.

---

Before POOLE, REINHARDT and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

In this Chapter 13 bankruptcy proceeding, the Internal Revenue Service, as a lien creditor, appeals the district court's affirmance of the bankruptcy court's determination that the IRS lien was unsecured. 84 B.R. 190.

## I

In 1985, the Internal Revenue Service ("IRS") assessed federal income tax deficiencies against Louis George Barbier and Ruth Dean Barbier ("the Barbiers") for tax years 1980, 1981, 1982, and 1983. On April 1, 1986, the IRS recorded a notice of federal tax lien based on assessments totalling over $62,000. On August 15, 1986, the Barbiers filed a joint petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1321–1325. Their plan classified the IRS's assessment of federal income tax deficiencies against them as an unsecured priority claim and classified interest and assessable penalties due as a general unsecured claim. The IRS filed an amended proof of claim reclassifying these claims as secured and objected to the Barbiers' plan.

In the bankruptcy proceedings, the Barbiers argued that 26 U.S.C. § 6334,[1] which exempts from an administrative levy household effects and a limited amount of other property, also prohibits the attachment of a federal tax lien on the exempted property.

The bankruptcy court agreed with this interpretation and the district court affirmed. The district court held that a federal tax lien could not attach to property exempt from an administrative levy.[2] The IRS timely appeals.

## II

The IRS contends that for purposes of the Barbiers' Chapter 13 plan, the IRS's claim against the Barbiers for their income tax deficiencies, including interest and penalties, may be secured by a lien on property exempt from levy under section 6334(a). We agree.

Federal tax liens attach to an extremely wide range of property. Section 6321, relating to tax liens, states: "If any person liable to pay any tax neglects or refuses to pay the same .after demand, the amount ... shall be a lien in favor of the United States upon *all* property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321 (emphasis added). In applying this section, we examine the plain words of the statute, *Central Montana Elec. Power Coop. v. Administrator of Bonneville Power*, 840 F.2d 1472, 1477 (9th Cir.1988), and interpret them consistently with other provisions of the Code. *See Racine v. United States*, 858 F.2d 506, 509 (9th Cir.1988).

The Supreme Court has stated that "[t]he statutory language 'all property and rights to property,' appearing in § 6321 ..., is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have."

1. Section 6334 exempts from levy, *inter alia,* the following personal property: Wearing apparel, school books, fuel, furniture, tools of a trade, business, or profession, unemployment benefits, undelivered mail, pension payments, workmen's compensation, and judgments for support of minor children. 26 U.S.C. § 6334(a).

2. The district court reached this conclusion through its interpretation of the term "levy" as defined in 26 U.S.C. § 6331 which states:

   (a) If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to prop-

   erty (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

   \* \* \* \* \* \*

   (b) The term "levy" as used in this title includes the power of *distraint and seizure by any means.* A levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible) 26 U.S.C. § 6331 (emphasis added.)

*United States v. National Bank of Commerce*, 472 U.S. 713, 720–21, 105 S.Ct. 2919, 2924–25, 86 L.Ed.2d 565 (1985). "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *Glass City Bank v. United States*, 326 U.S. 265, 267, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945). *See* Saltzman, *IRS Practice and Procedure*, ¶ 14.08 at 14–33 (1981). Holding that a lien does not extend to property exempt from levy under section 6334 would be inconsistent both with Supreme Court precedent and the statutory purpose of ensuring that the government is able to secure collection of tax revenues.

The difference between a levy and a lien also suggests why a lien should still attach to property exempt from levy. A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent income taxes. *See American Acceptance Corp. v. Glendora Better Builders, Inc.*, 550 F.2d 1220, 1223 (9th Cir.1977); *see also Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 304–05 (5th Cir.1985), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986); *Chevron, U.S.A., Inc. v. United States*, 705 F.2d 1487, 1489–90 (9th Cir. 1983) (levy operates as a seizure). The IRS's levying power is limited because a levy is an immediate seizure not requiring judicial intervention. *See National Bank of Commerce*, 472 U.S. at 720–21, 105 S.Ct. at 2924–25. A levy connotes compulsion or a forcible means of extracting taxes from "a recalcitrant taxpayer." *Interfirst Bank*, 769 F.2d at 305. A taxpayer subject to an IRS levy is provided certain protections such as notice and an opportunity to pay the taxes due before the seizure. *National Bank of Commerce*, 472 U.S. at 720–21, 105 S.Ct. at 2924–25; *Interfirst Bank*, 769 F.2d at 305; *Martinez v. United States*, 669 F.2d 568, 569 (9th Cir.1981).

A lien, however, is merely a security interest and does not involve the immediate seizure of property. A lien enables the taxpayer to maintain possession of protected property while allowing the government to preserve its claim should the status of property later change. If, for instance, the debtor later sells his exempt personal property for cash, the IRS would be entitled to obtain such proceeds.

Reading sections 6334 and 6321 together leads to the conclusion that the former section is a limitation on the government's ability forcibly to seize the taxpayer's property, but not a bar to the government's ability to assert a security interest in such property. The plain words of section 6321 allow a tax lien to be attached to all of the taxpayer's property, including property exempt from IRS levy.

The Barbiers argue that, because under a Chapter 13 confirmed plan a debtor must provide for the full satisfaction of all secured claims, a federal tax lien could extend to all of their personal belongings, thereby undermining section 6334's policy of allowing the taxpayer to retain a minimal amount of property. This argument is unpersuasive.

Section 6334's protection against an immediate seizure of a limited amount of taxpayer's property is not frustrated by acknowledgment of the government's tax lien in a Chapter 13 plan. A Chapter 13 plan allows the debtor to make deferred payments, and claims may be satisfied out of future income. *See* 11 U.S.C. § 1322. Other protections of the bankruptcy court are available to the debtor, as well. It is also significant here that the IRS is making no attempt to enforce the tax lien by means of levy or foreclosure. Thus, no matter what our holding, the Barbiers are not being required to relinquish their exempt property. Rather, as the government states the issue, "[a]ll that is involved here is a determination of the extent to which the government is the holder of a secured claim, and, thus, entitled to periodic payments under the debtor's plan."

In short, Congress has provided the IRS with at least two distinct procedural devices for collecting taxes. We find no indication that Congress intended section 6334 exemption from summary collection proceedings to frustrate the IRS's status, arising under section 6221, as a secured credi-

tor.[3]

Accordingly, we hold that for purposes of the Barbiers' Chapter 13 plan, the IRS's tax lien may be secured by property that is exempt from levy under section 6334(a).

REVERSED and REMANDED.

---

**3.** We need not consider here whether exempt assets are subject to judicial foreclosure and express no view on that question.