**UNITED STATES of America (IRS), Plaintiff,**

v.

**James Luther STOWE, Defendant.**

**No. S87-497.**

United States District Court, N.D. Indiana, South Bend Division.

Sept. 21, 1990.

---

J. Philip Klingeberger, Asst. U.S. Atty., Hammond, Ind., for plaintiff.

Annette Rush, Kokomo, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on cross-appeals filed by creditor, the United States Internal Revenue Service ("IRS"), and debtor James Luther Stowe from a decision of the bankruptcy court on June 29, 1987 with respect to the IRS's claim against Mr. Stowe's assets. The IRS seeks fulfillment of unpaid taxes and delinquencies assessed against the debtor for several tax years. Both debtor and creditor filed motions to alter and amend the June 29 order; those motions were denied, and the bankruptcy court ruled that the legal determinations rendered in its order of June 29, 1987 were final and fully appealable. The parties then appealed to this court.

### Factual Background and the Decision Below

Mr. Stowe petitioned for relief under Chapter 13, Title 11 of the United States Code, and later filed his Chapter 13 Statement and Chapter 13 Plan. Several meetings for creditors were held with respect to Mr. Stowe's bankruptcy filing, and the bankruptcy court confirmed a proposed plan. About five months later, Mr. Stowe was permitted to file a First Amended Chapter 13 Plan which generally provided for full payment of the IRS's priority tax claims.

The IRS filed a claim against Mr. Stowe's assets in the sum of $61,423.33, specifying that its claim included the following items: (1) $5,968.19 representing an unsecured priority claim for general taxes due and pre-petition interest; (2) $55,455.14 as a secured tax claim representing interest due on its claim to the date of filing Mr. Stowe's petition and penalty claims; and (3) $723.86 representing a general unsecured claim in the form of computed non-pecuniary loss penalty assessments to date of Mr. Stowe's petition.

Mr. Stowe filed an objection to the IRS's claim, at which point such claim became a contested matter under Bankruptcy Rule 9014. Later, he filed a supplemental objection to the IRS's claim. Following the parties' submission of briefs, the bankruptcy court entered an order determining the legal issues raised by the parties in their memoranda. The cross-appeals before this court challenge two of those legal determinations.

### Standard of Review

█ Bankruptcy Rule 8013 provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

This rule makes it clear that the court's review of the bankruptcy judge's findings of fact is to be under the clearly erroneous standard. *In re Weber*, 892 F.2d 534, 538 (7th Cir.1989); *In re Excalibur Automobile Corp.*, 859 F.2d 454, 457 n. 3 (7th Cir.1988); *In re Hilligoss*, 849 F.2d 280, 282 (7th Cir.1988); *First Wisconsin Nat'l Bank v. Federal Land Bank*, 849 F.2d 284, 286 (7th Cir.1988). Under this standard, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of fact; the factfinder's choice between two permissible views of evidence cannot be clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–574, 105 S.Ct. 1504, 1511–1512, 84 L.Ed.2d 518 (1985); *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir.1988).

█ A bankruptcy court's conclusions of law are reviewed *de novo* on appeal. *In re Newman*, 903 F.2d 1150 (7th Cir.1990);

*Calder v. Camp Grove State Bank*, 892 F.2d 629 (7th Cir.1990). The bankruptcy court's conclusions do not bind the district court and are entitled only to such deference as the district court sees fit. *In re Cricker*, 46 B.R. 229 (N.D.Ind.1985); *Rushville Production Credit Ass'n v. Mohr*, 42 B.R. 1000 (S.D.Ind.1984); *In re Schaller*, 27 B.R. 959 (W.D.Wis.1982). In addition, the court must determine whether the bankruptcy court applied the proper legal standard to the facts. *In re Stratton*, 23 B.R. 284, 287 (D.S.D.1982).

Both the debtor and the IRS raise questions of law on appeal. This court must, therefore, review the bankruptcy court's decision as to the legal issues *de novo*.

### Mr. Stowe's Argument on Appeal

█ Mr. Stowe contends that the bankruptcy court committed reversible error in determining that the pre-petition interest component of the IRS's claim should be afforded priority treatment. Alternatively, he argues that pre-petition interest should be afforded only general priority treatment. In his brief, Mr. Stowe argues that the legislative history of 11 U.S.C. § 507[1] and a minority of cases support the conclusion that Congress did not intend to include pre-petition interest as part of the general tax claim and so give that item priority status along with the claim. Mr. Stowe's arguments in part concede that the majority of cases oppose such an argument on appeal, but he argues that such precedent is faulty in its reasoning.

The bankruptcy court noted that "the overwhelming majority of cases clearly weigh in favor of according the pre-petition interest the same priority status as the tax itself." The court went on to list several cases supporting this legal conclusion, notably the decision in *In re H.G.D. & J. Mining Company, Inc.*, 74 B.R. 122, 15 B.C.D. 384 (S.D.W.V.1986), *aff'd*, 836 F.2d 546 (4th Cir.1987).

---

1. That section of the Bankruptcy Code sets forth various standards for determining the priorities among the claims of different creditors, including the government's claim for unpaid taxes.

Section 507(a)(7) generally gives the IRS's claim for unpaid taxes priority status, but does not state whether interest on such tax amounts also receive priority status.

In rejecting Mr. Stowe's position, the bankruptcy court found that several cases cited by Mr. Stowe were less persuasive both in their facts and in legal basis than those cited by the IRS and relied on by the bankruptcy court. Specifically, the court noted as lacking in persuasive effect the decision in *In re Razorback Ready–Mix Concrete Co.*, 45 B.R. 917 (Bankr.E.D.Ark. 1984), and an unpublished opinion from the Southern District of Illinois in *Barger v. United States*, No. 85–5386, slip op. (S.D. Ill. July 31, 1985). Hindsight shows that the bankruptcy court correctly stated the law on the issue of pre-petition interest.

Recent case law uniformly rejects Mr. Stowe's arguments both before the bankruptcy court and on appeal. The holding in *In re Razorback* was explicitly overruled in *In re Stonecipher Distributors, Inc.*, 80 B.R. 949 (Bankr.W.D.Ark.1987). *Barger* was remanded by the Seventh Circuit on April 28, 1986 by joint stipulation of the parties noting an error in law.

In an opinion rendered earlier this year, the Seventh Circuit Court of Appeals explicitly held that pre-petition interest is to be accorded the same priority as the underlying claim for taxes. In *In re Larson*, 862 F.2d 112, 125 (7th Cir.1988), the court noted that the definition of a claim under the bankruptcy code section 101(4)(A), 11 U.S.C. § 101(4)(A), as a "right to payment" includes interest accumulated on that claim. 862 F.2d at 125; *see also In re Young*, 70 B.R. 43, 45 (Bankr.S.D.Ind. 1987); *In re Brinegar*, 76 B.R. 176, 178 (Bankr.D.Colo.1987); *In re Treister*, 52 B.R. 735, 737 (Bankr.S.D.N.Y.1985).

If this issue was alive in controversy at the time of the bankruptcy court's June, 1987 ruling, the issue has now been definitively ruled on in this circuit. Accordingly, this court must affirm the bankruptcy court's finding with respect to the priority afforded the pre-petition interest accrued on Mr. Stowe's tax liability.

### The IRS's Argument on Appeal

■ The IRS argues on appeal that the bankruptcy court erroneously valued the amount of its allowed secured claim. Initially, the IRS finds fault with the bankruptcy court's determination that certain of Mr. Stowe's personal property was exempt from a federal tax lien pursuant to 26 U.S.C. § 6334(a). Although the IRS presents several alternative arguments on this point, the court finds the first argument persuasive and so declines to address the subsequent grounds for appeal.

The bankruptcy court held that certain wearing apparel and household goods listed by Mr. Stowe as exempt from tax liability on his Schedule B–4 filing were not subject to a federal tax lien. As authority for this conclusion, the court cited to 26 U.S.C. § 6334. However, while that statute exempts certain property (including wearing apparel, personal effects, and furniture) from a tax levy, it does not grant a delinquent taxpayer with exemption from a tax lien on such items. 26 U.S.C. § 6334(a)(1). Notably, 26 U.S.C. § 6321 generally provides that:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

There is a clear distinction between a creditor's rights through levy and those through a lien. Federal tax liens, in particular, are very broad and may attach to a wide range of property, while the procedure of satisfying such claims through a levy (or the seizure or actual possession of the property) are more narrowly circumscribed. *United States v. National Bank of Commerce*, 472 U.S. 713, 720–721, 105 S.Ct. 2919, 2924–2925, 86 L.Ed.2d 565 (1985); *see also In re Jackson*, 80 B.R. 213, 215 (Bankr.D.Colo.1987); *United States v. Aetna Life Insurance Company of Hartford, Connecticut*, 46 F.Supp. 30, 36 (D.Conn.1942).

Since the bankruptcy court's decision in June, 1987, the federal courts have decidedly held that federal tax liens may be secured on property exempt from levy under 26 U.S.C. § 6334(a). *IRS v. Barbier*, 896 F.2d 377, 378 (9th Cir.1990); *In re Beard*, 112 B.R. 951, 953–954 (Bankr.N.D.Ind.

1990); *In re Ray,* 48 B.R. 534 (Bankr.S.D. Ohio 1985); *In re Bates,* 81 B.R. 63 (Bankr. D.Ore.1987); *In re Ridgley,* 81 B.R. 65 (Bankr.D.Ore.1987); *In re Driscoll,* 57 B.R. 322, 327 (Bankr.W.D.Wis.1986).

Accordingly, the bankruptcy court's decision that certain personal property of Mr. Stowe may be exempted from a federal tax lien pursuant to 26 U.S.C. § 6334 was contrary to law. Neither the statute cited by the bankruptcy court nor established precedent supports the bankruptcy court's holding. This court, therefore, must reverse the bankruptcy court's decision on this issue, finding that Mr. Stowe's reported wearing apparel and household goods are not exempt from federal tax liens.

### Conclusion

For the reasons set forth above, the decision of the bankruptcy court is AFFIRMED IN PART and REVERSED IN PART in accordance with this order.

SO ORDERED.