**In re Mitchell W. VOELKER, Debtor.**

**Bankruptcy No. 92–52524–13.**

United States Bankruptcy Court,
W.D. Wisconsin.

Dec. 23, 1993.

Terrence J. Byrne, Wausau, WI, for debtor.

Raymond R. Mulera, Tax Div., U.S. Dept. of Justice, Washington, DC, for I.R.S.

*MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW*

THOMAS S. UTSCHIG, Bankruptcy Judge.

There once was an emperor who loved fine apparel more than anything else. He spent all his money on new clothes. One day, two cunning weavers came to town and convinced the emperor that they could make the most beautiful cloth in all the world for him. Not

only would this cloth be beautiful, it would also have a certain magical property—it would be invisible to persons who were either unfit for their job or remarkably stupid. Desirous of such magical cloth, the emperor paid the weavers large sums of money which they promptly pocketed. Pretending to work feverishly on the emperor's new clothing, the cunning weavers knew that no one would admit he couldn't see it—since that would mean he was either unfit for his job or remarkably stupid. After pocketing large sums of the emperor's money, the weavers presented him with his new "clothing." As expected, no one—not even the emperor himself—would admit he couldn't see the beautiful clothes. As he paraded naked through the streets of his kingdom, all the emperor's subjects proclaimed how beautiful his new "clothing" was. All of his subjects that is— save for one little boy. Seeing the emperor pass by, the little boy exclaimed, "but the emperor has no clothes on!" Others passed on what the boy had said, and soon all of the people were shouting, "the emperor has no clothes!" The emperor knew they were right, but he continued to strut proudly through the streets to the end of his procession route.[1]

Similar to the famous fairy tale of Hans Christian Andersen, this case is about clothes. Not the new clothes of an emperor, but rather the old clothes of a bankrupt debtor. The precise matter before the Court is an objection by the debtor to a proof of claim filed by the United States of America, Internal Revenue Service (IRS). The debtor, Mitchell W. Voelker, is represented by Terrence J. Byrne; Raymond R. Mulera represents the IRS.

Before returning to the Court's fairy-tale analogy, a brief recitation of the relevant facts is necessary. The debtor filed his Chapter 13 bankruptcy petition on July 29, 1992. The IRS filed its proof of claim on November 19, 1992, alleging that it has a secured claim in the amount of $27,736.31. The debtor objected, alleging that the IRS was only secured to the extent of $2,471.00.

Specifically, the debtor contends that the IRS's lien (obtained by virtue of its tax assessment against the debtor[2]) has priority only to the extent of $2,471.00—$200.00 in a 1973 pick-up truck, $1,500.00 in a 1986 Harley Davidson motorcycle, and $771.00 in a mobile home.

The IRS counters by noting that, in addition to the $2,471.00 amount, the debtor lists an additional $825.00 worth of exempt assets. The IRS asserts, therefore, that it is secured at least in the amount of $3,296.00 ($2,471.00 + $825.00). It is this $825.00 worth of assets—claimed exempt by the debtor—which is thus at the heart of this dispute. The specific assets at issue and their respective values are as follows:

| | |
|---|---:|
| Bow and arrows | $ 100.00 |
| Clothing | 200.00 |
| Hand tools/small power tools | 400.00 |
| Lawn mower | 50.00 |
| Weedeater | 75.00 |

The debtor claimed these items exempt pursuant to § 522(b)(2) of the Bankruptcy Code and § 815.18 of the Wisconsin Statutes. The debtor disputes the IRS's contention that its lien attaches to this property. After the debtor filed his objection to the IRS claim, he amended his plan to provide that pursuant to § 1325(a)(5)(C), he will surrender "his clothing, hand tools, lawn mower, weedeater and bow and arrows if the Court determines that the IRS has a valid enforceable lien against such property." The parties have filed briefs in support of their respective positions and the Court has taken the matter under advisement.

The IRS begins its arguments by citing § 6321 of the Internal Revenue Code which provides in relevant part that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." See 26 U.S.C.A. § 6321 (West 1989). Citation is then made to two Supreme Court cases which stress the breadth of this language and the extent of the IRS's power

---

1. Hans Christian Andersen, *Fairy Tales* 29 (Lisbeth Zwerger illus. and Anthea Bell trans., Picture Book Studio 1991).

2. The IRS's claim arises from income taxes owed by the debtor for tax years 1984, 1985, 1986, 1988 and 1989.

to collect taxes. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 2923–24, 86 L.Ed.2d 565 (1985); *Glass City Bank v. United States*, 326 U.S. 265, 267, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945).

The IRS next references § 6334 of the Internal Revenue Code which provides that various enumerated items of personal property of the taxpayer shall be exempt from levy. *See* 26 U.S.C.A. § 6334 (West Supp. 1993)[3]. The IRS contends that this provision does not rescue the debtor's exempted property from the reach of its tax lien, however, since a lien and levy are distinct remedies pursuant to the Internal Revenue Code. For support it cites a recent Ninth Circuit case—*United States v. Barbier*, 896 F.2d 377 (9th Cir.1990). The *Barbier* court reversed the decisions reached by both the bankruptcy and district courts and held that a federal tax lien does attach to property exempt from administrative levy under § 6334. *See Barbier*, 896 F.2d 377, 379–80 (9th Cir.1990). The *Barbier* court distinguished between a lien and a levy as follows:

> A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent income taxes.... The IRS's levying power is limited because a levy is an immediate seizure not requiring judicial intervention.... A levy connotes compulsion or a forcible means of extracting taxes from "a recalcitrant taxpayer." A taxpayer subject to an IRS levy is provided certain protections such as notice and an opportunity to pay the taxes due before the seizure.
>
> A lien, however, is merely a security interest and does not involve the immediate seizure of property. A lien enables the taxpayer to maintain possession of protect-

ed property while allowing the government to preserve its claim should the status of property later change.

*Barbier*, 896 F.2d at 379. The IRS stresses that it is not seeking to seize the debtor's property; it merely seeks to secure its lien against all of that property—including the exempt property.

Section 506(a) of the Bankruptcy Code provides the basis for the IRS's next assertion—namely that "[t]he clear and unambiguous language of the Bankruptcy Code provides that all of the debtor's property that is covered by a federal tax lien is considered in determining the value of the IRS's secured claim." Section 506(a) states in relevant part that "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." *See* 11 U.S.C. § 506(a) (West 1993). Because its federal tax lien attaches to all of the debtor's property, the IRS contends, its allowed secured claim is $3,296.00.

The IRS's final argument addresses 11 U.S.C. § 1325(a)(5)(C) which states in relevant part that

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim

---

**3.** That provision provides in relevant part:

(a) Enumeration.—There shall be exempt from levy—

(1) Wearing apparel and school books.—Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

(2) Fuel, provisions, furniture, and personal effects.—If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and personal effects in his household, and of the arms for personal use, livestock, and poultry of

the taxpayer, as does not exceed $1,650 ($1,550 in the case of levies issued during 1989) in value;

(3) Books and tools of a trade, business, or profession.—So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,100 ($1,050 in the case of levies issued during 1989) in value.

*See* 26 U.S.C.A. § 6334(a) (West Supp.1993).

is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder;
...

*See* 11 U.S.C. § 1325(a)(5) (West 1993). After referring to this provision, the IRS again reiterates that it was the *debtor* who amended his plan to provide that he would surrender his personal property if the Court determines that it is included in the IRS's security. The IRS assures the Court that it is *not* seeking to seize the debtor's clothing and other property; "[r]ather, it is the debtor himself who has sought to surrender these items rather than allow the United States the full amount of its secured claim." The IRS concludes by noting that § 362(a)(5)—the automatic stay provision—prevents it from seizing the debtor's truck, motorcycle, and mobile home. Similarly, notes the IRS, § 6334 of the Internal Revenue Code bars it from seizing the debtor's clothes, tools, bow and arrows and other exempt property. To return to the Court's fairy-tale analogy, then, the IRS portrays through its arguments a debtor parading out of bankruptcy fully clothed and well prepared to make a fresh start in life.

The debtor, on the other hand, tells a very different tale. He portrays himself as in effect parading out of bankruptcy, but closely pursued by vigilant taxing authorities holding a lien on everything he owns—including the shirt on his back. That lien, curiously enough, does not grant the IRS the right to seize the debtor's clothes. *See* 26 U.S.C.A. § 6334(a) (West Supp.1993). The debtor asserts that it does, however, effectively force him to turn them over to the IRS by saddling him with an additional $825.00 of secured debt if he doesn't. The debtor opines that he sees through the allegedly illusory "exemption" extolled by the IRS's argument. Looking at his role in the script as written by the

IRS, the debtor—like the little boy in the fairy tale—exclaims "the debtor has no clothes!" He sees himself emerging from the bankruptcy courthouse just as the fabled emperor emerged from his palace—naked.

The debtor centers his argument on 26 U.S.C. § 6334(a)—the previously cited provision which exempts certain items of personal property from the reach of an IRS levy. This provision must also be construed to exempt the personal property at issue from the IRS's lien, the debtor argues, or the exemption provided thereunder is meaningless. The debtor then distinguishes many of the cases cited by the IRS and notes that most of them did not address the § 6334 exemption. *See United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985); *Glass City Bank v. United States,* 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945); *In re Thompson,* 750 F.2d 628 (8th Cir.1984); *United States v. Isom (In re Isom),* 95 B.R. 148 (9th Cir. BAP 1988); *Credithrift of America, Inc. v. Meyers (In re Meyers),* 2 B.R. 603 (Bankr.E.D.Mich.1980).

The debtor further contends that the IRS's interpretation of § 506(a) is faulty. Specifically, the debtor asserts that the IRS has no interest in his exempt personal property if it cannot seize or sell the property. Because it has no interest in that property, the argument continues, it cannot have a secured claim in it and the IRS's lien therefore does not attach to the property.

Finally, the debtor argues that even if the IRS has a lien on his personal property, it cannot collect on the lien because of the § 6334 exemptions. The lien is thus allegedly unenforceable. Pursuant to 26 U.S.C. § 6325(a), the argument concludes, the lien must be released within thirty days.[4] As noted by the IRS, the debtor's initial brief is filled with references of the debtor having to give the IRS "the shirt off his back" or of the

---

4. 26 U.S.C. 6325(a) states in relevant part:
Release of lien or discharge of property
(a) Release of lien.—Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which—

(1) Liability satisfied or unenforceable.—The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable; ...
26 U.S.C.A. § 6325(a) (West 1989).

IRS "levy[ing] on Mr. Voelker's shorts" and other such references.

The Court has considered the arguments, policy considerations, and statutory and judicial authority cited by the parties in their briefs. On the basis of this consideration, the Court holds that the federal tax lien of the IRS does not extend to the $825.00 worth of personal property claimed exempt by the debtor pursuant to 26 U.S.C. § 6334(a). Several grounds support this result.

■ As an initial proposition, the Court is ever mindful of the fundamental tenet of bankruptcy law that "[p]ersonal property exemption statutes should be liberally construed in order to carry out the legislature's purpose in enacting them—to protect debtors." *See In re Barker*, 768 F.2d 191, 196 (7th Cir.1985); *see also In re Shaker*, 137 B.R. 930, 953 (Bankr.W.D.Wis.1992), *citing with approval Honda Finance Corp. v. Cilek*, (*In re Cilek*), 115 B.R. 974, 989 (Bankr. W.D.Wis.1990). The result the Court reaches here is consistent with this policy in that it allows the debtor to retain a minimal amount of unencumbered personal property.

■ Second and most importantly, the Court agrees with the bankruptcy court's statement in the aforementioned *Barbier* decision that "[a] debtor is not required to pay for exempt assets ... it defies common sense to argue that the IRS is nevertheless secured by and entitled to payment for property that it cannot levy upon to satisfy its lien." *In re Barbier*, 77 B.R. 799, 802 (Bankr.D.Nev. 1987), *aff'd United States v. Barbier*, 84 B.R. 190 (D.Nev.1988), *rev'd* 896 F.2d 377 (9th Cir.1990). The district court in its affirmance agreed with this statement and added that "[c]ommon sense indicates that a lien does not attach to exempt property. An exemption means that the property is immune from execution because the legislature [here, the U.S. Congress] has found a special purpose for leaving the property in the hands of the debtor." *Barbier*, 84 B.R. at 192 (D.Nev.1988), *rev'd* 896 F.2d 377 (9th Cir. 1990). The district court persuasively added that "[o]nly certain, essential items are protected by exemption. The entire legislative purpose behind shielding essential property would be frustrated if the exemption only

shielded the property from levy, and not any other form of seizure or execution." *Id.*

As the citations indicate, the Court is aware that the Ninth Circuit Court of Appeals reversed the bankruptcy and district courts. This Court is not bound by a decision of the Ninth Circuit Court of Appeals, however, and it finds the reasoning of the bankruptcy and district courts more persuasive. As observed by the district court, 26 U.S.C. § 6331(a) indicates that the government may levy upon all property of the debtor, except as such property is exempt under § 6334. *See* 26 U.S.C.A. § 6331(a) (West Supp.1993). Section 6331(b), moreover, defines "levy" for purposes of this section as "the power of distraint and seizure *by any means.*" *See* 26 U.S.C.A. § 6331(b) (West Supp.1993) (emphasis added); *United States v. Barbier*, 84 B.R. 190, 192 (D.Nev.1988), *rev'd* 896 F.2d 377 (9th Cir.1990). This Court supports the district court's construction of § 6331 and likewise interprets it to mean that the power of distraint and all other methods of seizure are available against delinquent taxpayers, *except* where such property is exempt under § 6334. Section 6334, therefore, exempts property from all forms of execution, not just levy. This includes tax liens. *See Barbier*, 84 B.R. at 192 (D.Nev.1988).

Nor does this Court find the Ninth Circuit's aforementioned distinction between a levy and a lien persuasive for purposes of this analysis. As noted, the Ninth Circuit recognized that a levy forces debtors to relinquish their property, but a lien "[i]s merely a security interest and does not involve the *immediate* seizure of property." *Barbier*, 896 F.2d at 379 (9th Cir.1990) (emphasis added). The word "immediate" in that statement implies that a seizure of the exempt property could foreseeably occur at a later time—if the debtor defaulted on his obligation, for example. Given the broad language of § 6331(b) which bars distraint and seizure by *any* means, however, the Ninth Circuit's implication that a seizure could result at some later time does not seem to comport with the statutory scheme. There is no time limit on § 6331(b)'s bar on distraint

or seizure. *See* 26 U.S.C.A. § 6331(b) (West Supp.1993).

Like the lower courts in *Barbier,* this Court also believes that it defies common sense to require the debtor to pay for exempt assets by holding that the IRS has a special, hybrid type of "lien" on those assets—a "lien" upon which it can never execute. Nor is the justification that the IRS should retain a lien because the debtor might sell or convert his exempt assets at some later date convincing to this Court. The type of assets exemptible in § 6334(a)—clothing, school books, personal effects and the like—are assets which typically have a very low market value. The Court refuses to burden this debtor with additional secured debt on "exempt" property because of some slight possibility that he might someday realize a negligible return upon conversion of that property.

■ Third, policy considerations support the Court's result. This case requires the Court to balance between the interests of the government to secure the collection and payment of tax obligations on the one hand and the interests of that same government in allowing bankrupt debtors to retain a minimal amount of personal property on the other. This Court acknowledges the well settled law that the bankruptcy exemptions of 11 U.S.C. § 522—be they federal or state law exemptions—have no effect on the determination of the extent of a federal tax lien. *See* 11 U.S.C. § 522(c)(2)(B); *See also In re May Reporting Service, Inc.,* 115 B.R. 652, 656 (Bankr.D.S.D.1990) (citations omitted); *Riley v. Wisconsin Dep't of Revenue (In re Riley),* 88 B.R. 906, 912 (Bankr.W.D.Wis.1987), *citing with approval In re Driscoll,* 57 B.R. 322, 327 (Bankr.W.D.Wis.1986). This provision alone tips the scale decidedly in favor of the government's interest in collection of taxes. It does so by rendering a fundamental policy of the Bankruptcy Code—that of allowing debtors to exempt a minimal amount of property to facilitate their rehabilitation— a nullity as against a federal tax lien. A further factor weighing significantly in favor of the tax collection interest is the fact that

the exemptions provided in § 6334 of the Internal Revenue Code are extremely parsimonious,[5] especially when compared with § 522's federal exemptions or typical state law exemptions. *See, e.g.,* 11 U.S.C. § 522(d)(1) (West 1993); WIS.STAT.ANN. § 815.18 (West Supp.1993). To find that even the very limited exemptions of § 6334 are subject to a federal tax lien would be to completely eviscerate a debtor's right to retain a limited amount of unencumbered personal property in order to facilitate his rehabilitation. Such a holding would effectively "break the scale" in favor of the government's tax collection interest and thereby disregard altogether the interest of facilitating the rehabilitation of bankrupt debtors. Permitting debtors to retain the limited amount of personal property specified in § 6334(a) free of tax liens does not significantly hinder the government's ability to collect delinquent taxes. The Court holds, therefore, that construing § 6334's already frugal exemptions to include exemption from tax liens does maintain at least a semblance of balance between these competing interests.

Fourth, other courts—although admittedly a minority—have reached the same result under similar facts. This includes the other bankruptcy court in this district. *See, e.g., Riley v. Wisconsin Department of Revenue (In re Riley),* 88 B.R. 906, 912–14 (Bankr. W.D.Wis.1987); *In re Driscoll,* 57 B.R. 322, 327 n. 6 (Bankr.W.D.Wis.1986); *In re Ray,* 48 B.R. 534, 537–38 (Bankr.S.D.Ohio 1985). These courts have specifically held that the § 6334(a) exemptions operate to exempt the enumerated items not only from levy, but from the broad reach of a federal tax lien as well. Still other courts have persuasively supported the same result but have been reversed on appeal. *See, e.g., In re King,* 102 B.R. 184 (Bankr.D.Neb.1989), *rev'd United States v. King,* 137 B.R. 43 (D.Neb.1991); *In re Barbier,* 77 B.R. 799, 802 (Bankr. D.Nev.1987), *aff'd United States v. Barbier,* 84 B.R. 190 (D.Nev.1988), *rev'd* 896 F.2d 377 (9th Cir.1990).

Fifth and finally, as proffered by the debtor, there is limited support in the legislative

---

**5.** As noted, § 6334(a) allows a debtor to exempt necessary clothing and school books, furniture and personal effects up to $1,500.00, books and

tools up to $1,000.00, and other limited assets not applicable here.

history of the Bankruptcy Code for the result the Court reaches. The legislative history of § 522(c) states that assets exempted from levy pursuant to 26 U.S.C. § 6334 cannot be applied to satisfy tax lien claims. *See* S.Rep. No. 989, 95th Cong.2d Sess. 76 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5862.

On the basis of the aforementioned statutory interpretation, judicial precedent and policy considerations, then, the Court holds that 26 U.S.C. § 6334(a) operates to exempt the items enumerated therein from the reach of a federal tax lien. Accordingly, the debtor's objection is granted; the claim of the IRS is secured only to the extent of $2,471.00. The additional assets valued at $825.00 and exempted by the debtor do not constitute security for the federal tax lien of the IRS.

As a result of the Court's decision, therefore, let no one declare—like the perceptive little boy of fairy-tale fame—that "the debtor has no clothes" upon his exit from the bankruptcy courthouse.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.