**In re Larry Lyle LAIRMORE, SSN 445–38–0821, Judith Ann Lairmore, SSN 443–40–1204, Debtors.**

**Bankruptcy No. 87–01502.**

United States Bankruptcy Court, E.D. Oklahoma.

July 22, 1988.

Mark Craige, Tulsa, Okl., for debtors.

Marcia Page, Tulsa, Okl., for FLB.

Scott Kirtley, Tulsa, Okl., for Bank.

Robert Hemphill, Dallas, Tex., for Chapter 12 trustee.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On June 22, 1988, this Court conducted a hearing on confirmation of Debtors' Chapter 12 Plan. Objections to confirmation were filed by Federal Land Bank (FLB) and the Bank of Oklahoma (Bank). Appearances were made by Mr. Mark Craige for the DIPs, Ms. Marcia Page for FLB, Scott Kirtley for Bank and Robert Hemphill as the duly appointed Chapter 12 Trustee.

At the time of the hearing, an issue arose which demanded further consideration and briefing by the parties. As a result, the parties were instructed to submit briefs stating their position with regard to interpretation of 11 U.S.C. § 1225(a)(5)(B)(i) and (ii). The parties proceeded to file briefs in this matter, with all briefs having been received by July 6, 1988.

After review of the briefs submitted and the applicable law in this area, we FIND:

## FINDINGS OF FACT

1. This is a "core" matter pursuant to 28 U.S.C. § 157(b).

2. The Debtors filed for Chapter 12 relief under the U.S. Bankruptcy Code on December 31, 1987. The Plan which Debtors sought to confirm was filed on May 23, 1988.

3. FLB and the Debtors have agreed that the approximate value of FLB's claim, including interest, attorneys' fees and costs, is $240,000, although the Debtors reserve the right to object to any claim filed on behalf of FLB. This amount was incurred on March 22, 1984, when the Debtors executed a Promissory Note in favor of FLB. On or about that same time, the Debtors executed two Mortgages in favor of FLB for the purpose of securing the Promissory Note. One Mortgage encumbered five (5) acres of property in Tulsa County, Oklahoma, while the other Mortgage encumbered five hundred seventy-nine (579) acres of property located in Okmulgee County, Oklahoma.

4. Under the proposed Plan, the Debtors intend to treat FLB's claim by:

a. surrendering the Tulsa County property thereby reducing FLB's claim in the sum of $125,000.

b. surrendering a duplex used for rental purposes in Tulsa County, Oklahoma (Duplex) which the Debtors allege has a fair market value of $92,-000. Duplex is subject to a first Mortgage in favor of Frontier Federal Savings & Loan Association (Frontier) which presently has an outstanding balance of approximately $57,307. This amount is in default and the subject of a mortgage foreclosure action by Frontier.

c. surrendering one hundred fifty (150) acres of the Okmulgee County property and retaining the remaining four hundred twenty-nine (429) acres of the Okmulgee County property free and clear of FLB's lien.

5. FLB objects to the treatment of their secured claim under the Debtors' Plan due to the fact that they are relinquishing a first priority Mortgage on the Okmulgee County property and receiving in its stead a junior second Mortgage on the Duplex. By this treatment, FLB asserts that their claim could be undersecured by the Duplex property through the substitution of this inferior lien. Also, FLB alleges that the value of the Duplex may be less than what the Debtors claim after taking into account the possible increased claim of Frontier as interest accumulates and the increased costs which FLB may incur in disposing of the property and in interest.

FLB also objects that the Plan does not allow the retention of the lien that is presently held on the Okmulgee property as required by 11 U.S.C. § 1225(a)(5)(B)(i) in the event that Duplex does not sufficiently cover FLB's claim.

## CONCLUSIONS OF LAW

A. The Bankruptcy Code section which addresses the conditions under which a Court will confirm a Plan after the Debtor satisfies secured claims is 11 U.S.C. § 1225(a)(5)(A), (B) and (C):

"(a) Except as provided in subsection (b), the Court shall confirm a plan if:

(5) With respect to each allowed secured claim provided for by the Plan—

(A) the holder of such claim has accepted the plan;

(B)

(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder."

Since the Debtors do not propose to surrender the property securing FLB's claim, and further, since FLB has rejected the Plan, the applicable section at issue is 11 U.S.C. § 1225(a)(5)(B)(i) and (ii).

B. The threshold issue presented to this Court is whether a Plan complies with 11 U.S.C. § 1225(a)(5)(B)(i) and (ii) if the Debtors propose to retain the collateral real estate (429 acres of Okmulgee property) and substitute other real property in full satisfaction of FLB's claim. No legal obstacle or bar exists to the substitution of property in lieu of cash payments or in lieu of the collateral under Chapter 12. *In re Durr,* 78 B.R. 221, 16 Bankr.Ct.Dec. (CCR) 554 (Bankr.D.S.D.1987). Under 11 U.S.C. § 1222(b)(7), the Bankruptcy Code specifically allows such treatment wherein it states:

"(b) Subject to subsections (a) and (c) of this section, the plan may—

(7) provide for payment of all or part of a claim against the debtor from *property* of the estate or *property* of the debtor ..."

(Emphasis added)

This section as well as § 1225(a)(5) would seem to provide for the use of any "property" of the estate to satisfy a creditor's claim.

684

█ C. The next concern in determining if FLB's claim is sufficiently treated under the Plan is one of valuation. Because the lien retention requirement of § 1225(a)(5)(B)(i) protects the secured claimant only until it receives the value of its allowed claim, the question becomes whether FLB will have received the full value of its secured claim at the time it receives the second mortgage on the Duplex; i.e., on the effective date of the Plan.

The only method available to this Court for value determination is provided under the Code in 11 U.S.C. § 506(a). Pursuant to this section, the claim of a creditor secured by a lien on property is an allowed secured claim to the extent of the value of the creditor's interest in the estate's interest in the property. Traditionally, if the debtor provides to retain the collateral, the creditor receives the value of its secured claim through cash payments equal to the present value of the secured claim. *In re Janssen Charolais Ranch, Inc.*, 73 B.R. 125 (Bankr.D.Mont.1987). This allows a precise determination of the value of the property received.

In the present case, since real property with an uncertain value is involved, a value determination must be conducted on both the Duplex property and the 429 acres in Okmulgee County, Oklahoma to arrive at a value which can be matched against FLB's secured claim.

█ D. After a determination of value as to the two properties at issue in this case, the problem remains of the possibility that FLB's claim will be undersecured after the effective date when the property is actually sold. FLB argues that it is uncertain as to whether its second mortgage position on the Duplex will in fact satisfy its claim after the first Mortgage of Frontier has been satiated, due to the accommodation of interest, associated expenses of sale and maintenance of the property. Indeed, FLB should not be forced to accept the substitution of collateral of a lesser value with a resultant unsecured claim for the remainder nor should it be coerced into a reduction of its secured claim. The Code

requires the creditor receive the actual value of its claim as of the effective date.

Therefore, the Debtors must provide within the Chapter 12 Plan sufficient safeguards that FLB receive the present value of its claim as of the effective date of a confirmed Plan.

IT IS THEREFORE ORDERED that the substitution of a lien on Duplex in lieu of the collateral is not barred as a matter of law. However, a determination of the value of the two properties is necessary for a decision as to the acceptability of Debtors' treatment of FLB's claim under the Plan pursuant to 11 U.S.C. § 1225(a)(5)(B). Further, this Court's Minute Order of June 22, 1988, regarding the Debtors filing of an Amended Plan within ten (10) days of this decision is herein stricken, with time for filing a new Plan by Debtors to be determined upon the conclusion of the hearing of Debtors' Motion to Determine Secured Status of FLB's claim in this case.