Revised March 17, 1999

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-60398

_____

In The Matter Of: LAURA WILLIAMS,

Debtor.

LAURA WILLIAMS,

Appellant,

TOWER LOAN OF MISSISSIPPI, INC.,

Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi

_____

March 11, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

DAVIS, Circuit Judge.

This appeal arises from the district court's affirmance of the bankruptcy court's order denying appellant's motion to modify her Chapter 13 plan. For the reasons that follow, we AFFIRM the district court's order.

I.

Laura Williams ("Williams") filed a petition seeking relief under Chapter 13 of the Bankruptcy Code in January 1997. At the time of this filing, Williams owed Tower Loan of Mississippi ("Tower Loan") $1068.70 on a single promissory note. As collateral for this note, Williams granted Tower

Loan a non-purchase money security interest in a set of law books, a 35mm Kodak camera, a saxophone, a videocassette recorder, a 25" television, a 13" television, and a gold chain. In her original Chapter 13 plan, Williams proposed to avoid the lien on the 25" television pursuant to 11 U.S.C.§522(f)[1] and pay a value of $400.00 on the remaining items. Tower Loan objected to this plan claiming that the value of the collateral exceeded $400.00.

Before the confirmation hearing, Williams filed a Motion to Modify the Chapter 13 Plan she had proposed earlier. In this Motion, Williams sought to return some of Tower Loan's collateral (the set of law books, the 13" television, and the gold chain) and to pay the present or "cram down" value[2] of the remaining collateral (the camera, and the videocassette recorder). The bankruptcy court denied Williams' Motion to Modify and the district court affirmed the bankruptcy court's order. Williams then timely filed this appeal.

II.

The statute that requires our interpretation is 11 U.S.C. § 1325(a)(5), which provides that:

[T]he court will confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan

(A) the holder of such claim has accepted the plan;

(B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and,

---

[1] 11 U.S.C. § 522(f) provides that:
[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section . . .

[2] "Cramming down" occurs when the debtor keeps the property "over the objection of the creditor; the creditor retains the lien securing the claim...and the debtor is required to provide the creditor with payments, over the life of the plan, that will total the present value of the allowed secured claim; i.e., the present value of the collateral." *Associates Commercial Corporation v. Elray Rash*, -- U.S. –, 117 S.Ct. 1879, 1882-83, 138 L.Ed.2d 148 (1997).

> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; *or*,
>
> (C)     the debtor surrenders the property securing such claim to such holder . . . (Emphasis added).

Williams argues that the conjunction "or" between subsections (B) and (C) does not render the two subsections mutually exclusive. She contends that, if the creditor does not accept the plan under subsection (A), a debtor has three options:

1)     to retain the collateral subject to a lien by the creditor and pay the present or cram down value under subsection (B);

2)     to surrender the collateral to the creditor in its entirety under subsection (C); or,

3)     to accomplish a combination of the two subsections by returning a portion of the collateral while keeping the rest after agreeing to pay the present value of the retained collateral.

Appellant contends that this interpretation is supported by the Rules of Construction section of the Bankruptcy Code, which provides that the word "or" is not exclusive. *See* 11 U.S.C. § 102(5).

In *First Brandon National Bank v. Kerwin*, 996 F.2d 552 (2[d] Cir.1993), the Second Circuit addressed a similar problem under 11 U.S.C. § 1225(a)(5) relating to a Chapter 12 proceeding.[3] This section is modeled after and is identical to its Chapter 13 counterpart, codified at 11 U.S.C. § 1325(a)(5). The *Kerwin* court determined that the debtor had to choose the option provided in either subsection (B) or (C). The Court also found that the language "the property securing such claim" in subsection (C) refers to all of the debtor's collateral, not part of it. *Kerwin*, 996 F.2d at 556-57.[4]

---

[3]     Chapter 12 of the Bankruptcy Code is the reorganization plan under the Family Farmer Bankruptcy Act.

[4]     While the *Kerwin* court found that under 11 U.S.C.§ 1225(a)(5)(B) the debtor could return part of the collateral farmland to the creditor, this feature of the case is not helpful to Williams because the creditor was oversecured and the return of part of the collateral was in full satisfaction

Although 11 U.S.C. § 102(5) states that "'or' is not exclusive," it does not follow that Congress intended the word "or" to create a fourth alternative. We read the statute to permit the debtor the choice of adopting either the alternative allowed by subsection (B) or by subsection (C). The plain language of the statute does not give the debtor the right to adopt a combination of the options offered in (B) and (C). According to *Colliers*,

> "[a] chapter 13 plan otherwise meeting all of the confirmation standards and requirements must be confirmed if it satisfies any one of the three alternative tests with respect to each allowed secured claim provided for by the plan–acceptance of the plan by the holder of the claim, compliance with the chapter 13 cram down provisions, or surrender of the collateral to the holder of the claim."

*Collier's on Bankruptcy* ¶ 1325.06[2][c] (15th ed. rev.1997).

The Supreme Court has not specifically addressed the issue of whether § 1325(a)(5)(B) and § 1325(a)(5)(C) are mutually exclusive options. However, the Court's discussion of how to determine "cram-down" value in *Associates Commercial Corporation v. Elray Rash*, -- U.S. –, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997), provides guidance on this issue.

In *Rash*, the Court stated that "A plan's proposed treatment of secured claims can be confirmed if *one of three* conditions is satisfied: the secured creditor accepts the plan, see 11 U.S.C. § 1325(a)(5)(A); the debtor surrenders the property securing the claim to the creditor, see 11 U.S.C. § 1325(a)(5)(C); *or* the debtor invokes the so-called 'cram down' power, see 11 U.S.C. § 1325(a)(5)(B)." 117 S.Ct. 1879, 1882-83, 138 L.Ed.2d 148 (1997) (emphasis added). The Court also stated that "If a secured creditor does not accept a debtor's Chapter 13 plan, the debtor has *two options* for handling allowed secured claims: surrender the collateral to the creditor . . . *or*, under the

of the claim.

4

cram down option, keep the collateral over the creditor's objection and provide the creditor with the equivalent present value of the collateral." 117 S.Ct. 1879, 1885,138 L.Ed.2d 148 (1997) (emphasis added). This language strongly indicates that a debtor cannot combine subsections (B) and (C) to create a fourth option.

## IV.

Williams argues, alternatively, that 11 U.S.C. § 1325(a)(5)(B) should be read to permit her to transfer a portion of her property to the creditor. She argues that this section does not limit distribution of property to cash distributions and that she is merely trying to make a distribution to Tower Loan by transferring both goods and cash. Williams relies on cases that have considered non-cash distributions under Chapter 12 plans. *See First Brandon National Bank v. Kerwin*, 996 F.2d 552 (2ᵈ Cir.1993); *In re Lairmoire*, 101 B.R. 681, 683 (Bankr. E.D.Okla. 1988); *In re Durr*, 78 B.R. 221, 223-24 (Bankr.D.S.D. 1987). These cases are inapposite. While the language of 11 U.S.C. § 1325 (a)(5)(B) and 11 U.S.C. § 1225(a)(5)(B) are identical, in all of the cases Williams relies upon, the courts permitted the transfer of a part of the collateral to oversecured creditors and not to undersecured creditors such as Tower. Also, in each of those cases, unlike today's case, the partial transfer of collateral resulted in *full satisfaction* of the debt, thereby removing the lien imposed under subsection (B).

## V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.