In re J. Greg GOODYKOONTZ and Toni B. Goodykoontz, Debtors.

J. Greg Goodykoontz and Toni B. Goodykoontz, Plaintiffs,

v.

United States of America on behalf of its agency, the Internal Revenue Service, and the State of West Virginia on behalf of its agency, the WV Dept. of Tax and Revenue, Defendants.

Bankruptcy No. 00–10902.
Adversary No. 00–1130.

United States Bankruptcy Court,
N.D. West Virginia.

May 30, 2001.

Martin P. Sheehan, Wheeling, WV, for debtor.

David L. Bissett, Staff Attorney, West Virginia State Tax Department, Charleston, WV, Pat S. Genis, Assistant United States Attorney, Wheeling, WV, for defendants.

Debra A. Wertman, Charleston, WV, for U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

L. EDWARD FRIEND, II, Bankruptcy Judge.

This matter is before the Court pursuant to the Plaintiffs' motion for summary judgment. The Plaintiffs, who are debtors in possession, filed this adversary proceeding to establish the validity of tax liens and to value property subject thereto. The Court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this District. The matter be-

fore the Court is a core proceeding pursuant to 28 U.S.C. § 157(b).

## FACTS

The plaintiffs, J. Greg Goodykoontz and Toni B. Goodykoontz, ("debtors") filed for relief under Chapter 11 of the Bankruptcy Code on April 6, 2000 and were authorized to continue operating as debtors in possession. The parties have stipulated to the value of property owned by the debtors at the time of filing. Neither the prior consensual liens on this property nor the claimed exemptions are in dispute.

| Property | Value | Claimed Exemption | Prior Consensual Liens |
|---|---|---|---|
| Residence | 175,000 | 0 | 150,713.36 |
| Cash | 50 | 50 | 0 |
| Checking, City Nat'l | 1,000 | 1,000 | 0 |
| Checking, One Valley | 75 | 75 | 0 |
| Household Goods | 7,420 | 7,420 | 0 |
| Pictures | 3,000 | 3,000 | 0 |
| Jewelry | 24,160 | 1,000 | 24,000 |
| Tea Set | 1,500 | 0 | 7,500 |
| Wearing apparel | 2,500 | 2,500 | 0 |
| Firearms | 250 | 250 | 0 |
| 401(k) | 20,000 | 20,000 | 39,548 |
| IRA | 15,000 | 15,000 | 9,295 |
| Partnership | 17,000 | 15,000 | 0 |
| Miata | 3,500 | 3,500 | 0 |
| Honda | 18,000 | 0 | 18,120.94 |
| Audi | 13,000 | 0 | 14,000 |

Prior to the bankruptcy filing, tax liens were filed by the United States of America on behalf of the Internal Revenue Service ("IRS"), and by the State of West Virginia on behalf of the Department of Tax and Revenue ("State Tax Department"). On August 21, 2000, the debtors filed an adversary proceeding against the IRS and the State Tax Department seeking to determine the validity of the tax liens. By agreed order entered November 8, 2000, the debtors and the West Virginia State Tax Department stipulated that the value of the assets involved was such that after the satisfaction of the consensual secured debt and the tax liens of the IRS,[1] the state tax liens would be unsecured. The Court ordered that all tax liens filed prepetition by the State Tax Department against the plaintiffs are of no further effect. The adversary proceeding continued with the IRS as the sole defendant.

The tax liens of the IRS are as follows:

| Lien Amount | Period Ending | Assessed | Filed |
|---|---|---|---|
| $49,388.20 | 12/31/90 | 5/20/91 | 7/24/91 |
| 49,762.17 | 12/31/91 | 5/25/92 | 7/23/92 |
| 65,100.78 | 12/31/92 | 5/31/93 | 7/9/93 |
| 92,281.29 | 12/21/93 | 5/30/94 | 2/15/95 |
| 97,769.79 | 12/31/94 | 6/15/95 | 8/18/95 |
| 68,296.08 | 12/31/96 | 2/2/99 | 6/21/99 |

Following a pretrial hearing on October 12, 2000, the plaintiffs and the IRS stipulated to the property values and were to submit briefs setting forth whether the liens of the IRS are limited to the value of the property subject to levy, or whether the value of property which may not be levied against should support the tax lien. The debtors filed a motion for summary judgment, and the IRS filed an objection to the motion and a cross motion for summary judgment. The Court then took this matter under advisement.

## DISCUSSION

The Internal Revenue Code ("I.R.C.") provides that

---

1. The IRS tax liens were undisputedly prior in time to those of the State Tax Department.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

28 U.S.C. § 6321.

The Code further provides that the lien imposed by § 6321 "shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed ... is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. The United States Supreme Court has stated that "[t]he statutory language 'all property and rights to property,' appearing in § 6321 ... is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. National Bank of Commerce*, 472 U.S. 713, 719–720, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985), cited by *In re Voelker*, 42 F.3d 1050 (7th Cir.1994) ("The language of the statute unambiguously shows that the federal tax lien attaches to all of a debtor's property, without exception.").

The debtors argue that under 26 U.S.C. § 6331, the tax lien does not apply to exempt property. Section § 6331 provides that

(a) ... If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property (*except such property as is exempt under section 6334*) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

(b) The term "levy" as used in this title includes the power of distraint and seizure by any means.

(Emphasis added).

The debtors' position is based upon the equation of the terms "lien" and "levy." However, the Seventh and the Ninth Circuits have found that the two terms have distinctly different meanings, and should be treated dissimilarly under the statute. The Seventh Circuit Court of Appeals stated that

This dissimilarity in treatment makes sense, for as the Ninth Circuit discussed in *Barbier*, a lien and levy are different things. "A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent incomes taxes." [citation omitted]. On the other hand, "a lien ... is merely a security interest and does not involve the immediate seizure of property. A lien enables the tax payer to maintain possession of protected property while allowing the government to preserve its claim should the status of [the] property later change." [citation omitted]. Thus, if a debtor later sells the exempt property, the IRS could move to collect the proceeds from the sale.

*Voelker*, 42 F.3d at 1052, quoting *United States v. Barbier*, 896 F.2d 377 (9th Cir. 1990). The court followed this analysis to the conclusion that a federal tax lien attached to all of a Chapter 13 debtor-taxpayer's property, without exception, even to personal property exempt from levy. *Id.* The Ninth Circuit Court of Appeals had previously reached a similar conclusion in *United States v. Barbier*, 896 F.2d 377, holding that the IRS' priority tax claim could be secured by Chapter 13 debtors' household effects and other property which were otherwise exempt from administrative levy.

The Fourth Circuit Court of Appeals has not addressed this issue. The issue has, however, arisen before several courts within the Fourth Circuit. The findings of these courts are consistent with the Seventh and Ninth Circuit opinions on the matter. *See In re O'Gorman–Sykes*, 245 B.R. 815 (Bankr.E.D.Va.1999) (tax refunds claimed exempt by debtor nevertheless subject to IRS' secured claim); *In re Evans*, Bankruptcy 94–00785–5–ATS, 1994 WL 760821 (Bankr.E.D.N.C. Nov. 7, 1994)(summary non-judicial seizure of property available to the IRS under the levy provision of § 6331 is separate and discrete from the IRS power to create a lien on property of the debtor); *In re Dinatale*, 235 B.R. 569 (Bankr.D.Md.1999) (federal tax liens can properly attach to exempt assets); *In re Deel*, No. 7–93–02602–HPB–13, 1995 WL 571997 (W.D.Va. June 20, 1995) (debtors could not avoid federal tax lien on exempt property, but IRS could not levy on property).

The Court finds, therefore, that the liens of the IRS attach to the debtors' exempt assets, as well as their non-exempt assets. The motion for summary judgment of the debtors is **DENIED** and the cross motion for summary judgment of the IRS is **GRANTED**.

It is accordingly **SO ORDERED**.

The Clerk is directed to transmit copies of this Order to the parties in interest.