**UNITED STATES of America,**
**Appellant,**

v.

**Charles WHITE and Anita**
**White, Appellees.**

**No. 5:05 CV 190 BO.**

United States District Court,
E.D. North Carolina,
Western Division.

March 6, 2006.

Jonathan D. Carroll, U.S. Dept. of Justice, Washington, DC, for Appellant.

John T. Orcutt, Law Office of John T. Orcutt, Raleigh, NC, for Appellees.

### ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on an appeal by the Internal Revenue Service (the "IRS") of two orders by the United States Bankruptcy Court for the Eastern District of North Carolina. For the following reasons, the judgment of the Bankruptcy Court is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

### BACKGROUND

Debtors–Appellees Charles White and Anita White filed for bankruptcy relief pursuant to Chapter 13 of the Bankruptcy Code on January 13, 2004. At that time, they listed the IRS as a creditor holding an unsecured priority claim of $1,203, and a general unsecured claim of $30,648. On June 21, 2004, the IRS filed a proof of claim, asserting a secured claim of $7,006, an unsecured priority claim of $3,896, and a general unsecured claim of $19,478.

On June 14, 2004, Debtors' counsel wrote a letter to the IRS, requesting that the IRS amend its claim, because Debtors had decided to surrender their interest in certain property in which the IRS claimed a security interest. The property included a 1995 Plymouth Voyager, household goods, clothing and jewelry totaling $4,533 in value. Their proposed surrender would

constitute a partial surrender of the $7,006 in property secured by an IRS tax lien. In the letter, Debtors' counsel indicated that the value of the surrendered property should be added to the IRS's unsecured claim. Debtors intended to retain other property secured by the IRS tax lien, including a 1996 Chevy Silverado and two IRA accounts. The remaining $2,473 in personal property value would be paid in full through the plan. On August 10, 2004, the IRS informed Debtors that it would not amend its claim, as it believed that the law did not permit bifurcation of its claim and partial surrender of collateral.

On June 8, 2004, the Chapter 13 trustee filed a motion to dismiss based on the Debtors' attempt to bifurcate the IRS's secured claim. The Bankruptcy Court denied this motion by order dated September 24, 2004, finding that partial surrender was not impermissible per se under the Bankruptcy Code, assuming that doing so would not affect a secured creditor unfairly.

On October 4, 2004, the trustee filed a motion to confirm the debtor's plan. The plan provided for a secured claim in favor of the IRS of $2,473, with the remainder of the IRS's claims designated as priority or general unsecured, thus reflecting the proposed bifurcation of the IRS's secured claim. The IRS objected to confirmation of the plan, contending that (1) by proposing bifurcation, the plan failed to provide for full payment of the IRS's secured claim, in violation of 11 U.S.C. § 1325(a)(5); (2) the property that Debtors proposed to surrender was necessary for them to comply with the plan; (3) Debtors did not intend to actually surrender the property, and therefore the plan was proposed in bad faith, and (4) Debtors were prohibited by 26 U.S.C. §§ 6311 and 6316 from paying their tax liabilities with personal property. The IRS also argued that it does not have a mechanism for accepting surrender of collateral and converting it to cash payments, and that by law it is prohibited from levying on personal property.

By order dated December 9, 2004, the Bankruptcy Court denied the IRS's objection to confirmation of the plan. The court reaffirmed its ruling that bifurcation and partial surrender were permissible. The court further found that because the IRS had asserted that it could not accept surrendered collateral either partially of fully as payment on the tax lien, the IRS's secured claims were actually unsecured. Because the IRS conceded that it was unable to convert its lien on personal property to payment, the Bankruptcy Court concluded that the personal property could not be said to "secure payment" on the lien, and therefore the IRS claim was totally unsecured.

The IRS has appealed the Bankruptcy Court's rulings to this Court. The IRS offers two arguments in its brief. First, the IRS argues that the Bankruptcy Court erred in finding that the IRS's claims were unsecured. And second, the IRS contends that the Bankruptcy Court erred in finding that the Bankruptcy Code permits bifurcation of a secured claim.

## JURISDICTION AND STANDARD OF REVIEW

■ Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158. A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir.1992). Conclusions of law are reviewed *de novo. In re Apex Express Corp.*, 190 F.3d 624, 630 (4th Cir.1999); *Continental Casualty Co. v. York*, 205 B.R. 759, 762 (E.D.N.C.1997).

## ANALYSIS

### 1. Security of the IRS Claim

The status of a creditor's claim as secured is governed by 11 U.S.C. § 506. In

relevant part, the statute states that "[a]n allowed secured claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." § 506(a). The Bankruptcy Code defines a lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37).

Here, the IRS asserted a claim that was secured in part by a federal tax lien over Debtors' personal property. Under Section 6321 of the Internal Revenue Code, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

■ While Section 6321 allows the IRS to obtain a federal tax lien over "all property", Section 6334 exempts several forms of personalty from levy by the IRS. *See* 26 U.S.C. § 6334.[1] However, the IRS's inability to levy on exempt property does not destroy the lien, or make the IRS's claim unsecured. *See In re Voelker*, 42 F.3d 1050 (7th Cir.1994); *United States v. Barbier*, 896 F.2d 377 (9th Cir.1990). This is because a federal tax lien maintains value independent of the Government's ability to proceed against the property by administrative levy, given the IRS's "considerable arsenal of collection tools." *In re Wright*, 301 B.R. 348, 349 (Bankr. D.Kan.2003). As the Seventh Circuit Court of Appeals noted in *In re Voelker*:

"a lien ... is merely a security interest and does not involve the immediate seizure of property. A lien enables that taxpayer to maintain possession of protected property while allowing the government to preserve its claim should the status of [the] property later change." Thus, if a debtor later sells the exempt property, the IRS could move to collect the proceeds from the sale.

*Voelker*, 42 F.3d at 1052 (quoting *Barbier*, 896 F.2d at 379). While the Fourth Circuit Court of Appeals has not addressed this issue, several other courts in this circuit have found that exemption from administrative levy is distinct from continued existence of the lien. *See In re Goodykoontz*, 284 B.R. 235 (Bankr.N.D.Va.2001); *In re O'Gorman–Sykes*, 245 B.R. 815 (Bankr.E.D.Va.1999); *In re Evans*, Bankruptcy 94–00785–5–ATS, 1994 WL 760821 (Bankr.E.D.N.C. Nov. 7, 1994); *In re Dinatale*, 235 B.R. 569 (Bankr.D.Md.1999).

Here, the Bankruptcy Court found that the IRS's claim was not secured because the IRS had no ability to convert its lien on personal property to payment, and therefore the property did not "secure payment" and the lien thus had no value to the IRS. The Bankruptcy Court noted that a lien is defined by the Bankruptcy Code as a "charge or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). Accordingly, the IRS's inability to collect on its lien meant that the lien did not "secure payment" within the meaning of the statute.

---

1. These items include: (1) Wearing apparel and school books; (2) Fuel, provisions, furniture and personal effects; (3) Books and tools of a trade for a business or profession; (4) Unemployment benefits; (6) Undelivered mail; (6) Certain annuity and pension payments; (7) Workmen's compensation; (8) Judgments for support of minor children; (9) Minimum exemption for wages, salary and other income; (10) Certain service-connected disability payments; (11) Certain public assistance payments; (12) Assistance under the Job Training Partnership Act; and (13) Certain residences in small deficiency cases. 26 U.S.C. § 6334.

The Bankruptcy Court erred in finding that the IRS's claim was unsecured. Any exemption applicable to Debtor's personalty does not void the tax lien. The IRS's tax lien has value independent of the IRS's ability to immediately seize the property. This value is manifested in other enforcement mechanisms available to the IRS, as well as the IRS's capacity to levy on the personalty once it is converted into nonexempt property. Accordingly, the Bankruptcy Court's order finding the IRS's claims unsecured is REVERSED.

## 2. Partial Surrender of Collateral to the IRS

█ By order dated September 24, 2004, the Bankruptcy Court held that the plan could be confirmed despite Debtor's proposal to partially surrender certain property secured by the IRS tax lien.[2] Confirmation of a payment plan is governed by 11 U.S.C. § 1325. Section 1325 states that a court shall confirm a plan only if:

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder . . .

11 U.S.C. § 1325(a)(5). Section 1325(a)(5)(B) is also known as the "cram down" option, which allows the debtor to retain property, while the creditor retains the lien and the creditor is paid equivalent value through the plan. Section 1325(a)(5)(C) allows a plan to be confirmed if the debtor surrenders the property securing the secured claim to the holder of the claim. Here, Debtors proposed a partial surrender of certain personal property pursuant to subsection (C), and payment of the remainder of the secured claim pursuant to subsection (B). They argue that the "or" at the end of subsection (B) does not prohibit them from performing both subsection (B) and (C).

Interpretation of the Bankruptcy Code is informed by certain statutory "Rules of Construction." See 11 U.S.C. § 102. According to these rules, "[i]n this title . . . (5) 'or' is not exclusive." § 102(5). The legislative history of this section further clarifies: "Paragraph (5) specifies that 'or' is not exclusive. Thus, if a party 'may do (a) or (b)', then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives." H.R.Rep. No. 95–595, at 315 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6272. Courts have applied this rule of construction to find that partial surrender is permissible under Section 1325(a)(5). See In re McCommons, 288 B.R. 594 (Bankr.M.D.Ga.2002); In re Massengill, 73 B.R. 1008 (Bankr.E.D.N.C. 1987), rev'd on other grounds, 100 B.R. 276 (E.D.N.C.1988).

Other courts interpreting Section 1325(a)(5) have held that despite Section 102(5), the options for treatment of secured claims are mutually exclusive. See Williams v. Tower Loan of Miss., 168 F.3d 845; In re Walton, No. 98–00985–5 (Bankr.E.D.N.C. May 18, 1999); In re Covington, 176 B.R. 152 (Bankr.E.D.Tenn. 1994). In Williams, the Fifth Circuit Court of Appeals held that "the language

---

2. This order was entered prior to the Bankruptcy Court's order finding the IRS's claim unsecured. The IRS has appealed both orders of the Bankruptcy Court.

'the property securing such claim' in subsection (C) refers to all of the debtor's collateral, not part of it." *Williams*, 168 F.3d 845. The Court went on to state: "Although 11 U.S.C. § 102(5) states that 'or' is not exclusive, it does not follow that Congress intended the word 'or' to create a fourth alternative. We read the statute to permit the debtor the choice of adopting either the alternative allowed by subsection (B) or by subsection (C)." *Id.* at 847. The court found support for an all-or-nothing approach in the Supreme Court's decision in *Associates Commercial Corporation v. Rash*, 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997). In *Rash*, the Supreme Court stated that under Section 1325(a)(5), a plan could be confirmed "if one of three conditions is satisfied: the secured creditor accepts the plan . . . ; the debtor surrenders the property securing the claim to the creditor . . . ; or the debtor invokes the so-called 'cram down' power." *Id.* The Fifth Circuit also found additional support in similar language of *Collier on Bankruptcy*, P 1325.06[2][c] (15th ed. rev. 1997) (hereinafter *"Collier"*) ("[a] chapter 13 plan . . . must be confirmed if it satisfies any one of the three alternative tests . . . ."). According to the Fifth Circuit in *Williams*, the language from *Rash* implicitly acknowledges the exclusivity of choices under Section 1325(a)(5).

In this case, the Bankruptcy Court correctly concluded that under certain circumstances a debtor may bifurcate a secured claim and follow more than one option under Section 1325(a)(5). Section 102(5) mandates a reading of Section 1325(a)(5) that allows a debtor to partially surrender secured collateral, and to "cram down" the remaining portion. Such an interpretation of Section 1325(a)(5) is not inconsistent with the Supreme Court's *Rash* decision, which did not consider whether multiple options may be performed, but simply reiterated that a plan could be confirmed if one of

the three options under Section 1325(a)(5) were fulfilled.

■ However, the Bankruptcy Court incorrectly concluded that *any* surrender of personal property to the IRS was permissible under the circumstances of this case. Debtors proposed to surrender personal property that was exempt from administrative levy under the Tax Code. *See* 26 U.S.C. § 6334. Additionally, by statute the IRS can only accept money or its equivalent as payment for tax liabilities. *See* 26 U.S.C. §§ 6311 and 6316. Therefore, the Bankruptcy Court initially accepted Debtors' proposed surrender of personalty, despite the fact that there were substantial legal obstacles to the IRS's collection of the property. Ultimately, by proposing a surrender that could not be consummated, Debtors were able to convince the Bankruptcy Court that the IRS's claims were fully unsecured.

■ Under Section 1325(a)(5), absent approval by the secured claim holder, a Chapter 13 plan must provide for secured claims either by surrender or cram down. In this way, the statute ensures that secured claims are provided for even where the secured claim holder objects to the plan. By the plain language of subsection (C), a surrendering debtor must "surrender[ ] the property securing such claim to such holder . . ." If the debtor is prohibited from surrendering certain property by law, then the only remaining option under Section 1325(a)(5) is the cram down option of subsection (B).

To treat a secured claim as unsecured once surrender has been *proposed* by the debtor is insufficient under the statute. While subsection (B) allows a plan to be approved based on a provision in the plan for payments to the secured claimant, subsection (C) does not reference the plan; in other words, the surrender must be accomplished before the plan is approved.

Debtors here cannot be said to have "surrendered" their property in any meaningful fashion, but instead will retain their personal property because of the IRS's inability to collect. Accordingly, while partial surrender may ordinarily be permissible, under these circumstances the surrender of personalty as proposed by Debtors is unfeasible and prohibited by law. Therefore, the order of the Bankruptcy Court permitting partial surrender of the IRS's secured claim is REVERSED.

### CONCLUSION

For the reasons stated above, the judgment of the Bankruptcy Court is hereby REVERSED. The secured claim of the IRS remains secured even where the IRS is unable to immediately seize property secured by a federal tax lien. Additionally, the partial surrender proposed by Debtors does not adequately provide for the IRS's secured claim because of the IRS's inability to collect. Accordingly, this matter is REMANDED to the Bankruptcy Court for further proceedings consistent with this order.

SO ORDERED.