LEMMON, Judge.
In this possessory action defendants have appealed from a judgment which declared plaintiff the lawful owner of the immovable property in question and further declared invalid a counter letter in favor of one of the defendants. We reverse on the basis that the issues as to the validity of the counter letter and the ownership of the property were not before the trial court.
Plaintiff’s petition alleged that it had possessed the property as owner by virtue of an act of sale passed and recorded in June, 1971, and that defendants’ recordation of the invalid counter letter in March, 1972 constituted a disturbance in law. Plaintiff prayed to be maintained in possession and to be awarded damages.
In answer defendants denied plaintiff had ever possessed as owner because at all pertinent times they had possessed the property as owner by virtue of the counter letter. By reconventional demand they asserted this possession and prayed that they be maintained in possession and awarded damages.
*663 At the trial on the merits there was no evidence whatsoever introduced to show that either plaintiff, plaintiff’s ancestor, defendants or anyone else had ever exercised corporeal possession of the property, which was a lot of vacant land.
The only possession protected by the possessory action is “corporeal possession” or “civil possession . . . preceded by corporeal possession.” C.C.P. art. 3660; Yiannopoulos, Louisiana Civil Law Treatise-Property, § 138 (1966); Ree Corp. v. Shaffer, 261 La. 502, 260 So.2d 307 (1972).
In this case neither plaintiff nor plaintiff in reconvention alleged or proved corporeal possession of the property by anybody at any time. Neither, therefore, is entitled to the relief afforded by the pos-sessory action.
The record contains evidence bearing on the validity of the counter letter.[1] However, when plaintiff attempted to introduce the counter letter and other evidence in an effort to show the document invalid, defendants timely objected to any evidence of ownership, other than for the purpose of proving possession since the petition had only asserted a possessory action. The counter letter was admitted, as well as considerable evidence bearing on the validity of the document.[2]
We are compelled to disregard this evidence in view of defendants’ timely objection. Plaintiff chose to utilize the posses-sory action, in which the Code of Civil Procedure specifically limits the relief which can be granted. Defendants moreover carefully avoided converting the proceeding to a petitory action and chose to seek, on their own behalf by reconventional demand, the limited relief provided by the possessory action. Thus, neither party was willing by the pleadings to make ownership an issue.[3] In view of the codal limitation on the relief available in the posses-sory action, we reluctantly decline to review the evidence in the record as it bears upon the issue of ownership, especially since a party defending a possessory action may be prejudiced if in reliance on the pleadings he fails to introduce evidence bearing on ownership.[4]
We conclude that the express and exclusive use of the possessory action by both parties (although neither proved the type of possession protected by the posses-sory action) precludes a court from granting any relief except that provided in the codal articles governing possessory actions. The judgment determining ownership must therefore be set aside.
Accordingly, the judgment of the trial court is annulled and set aside. Each par *664 ty is granted the right to file additional pleadings and to present additional evidence hearing on the dispute between the parties, whether by petitory, action or by other procedure deemed appropriate. Assessment of costs will await final disposition of the matter.
Judgment set aside, case remanded.

. The issue as to the validity of the counter letter principally involves the question of whether the document was authorized and executed at a time when one of the defendants and his three law partners were the sole directors of plaintiff corporation.

. In our opinion the existence of the counter letter was proper proof by plaintiff that its possession (if corporeal possession was otherwise proved) had been disturbed, but the validity of the counter letter was not a relevant issue in the determination of plaintiff’s possessory action. On the other hand, the counter letter was also admissible evidence as part of defendants’ reconventional demand, but only for the purpose of proving defendants’ possession as owner under O.O.P. art. 3661.

.While the Code of Civil Procedure has generally abolished the “theory of the case” doctrine and now authorizes an appellate court to render any judgment which is just, legal and proper upon the record, the code has specifically required separation of the pos-sessory and petitory actions. The purpose is to keep the trial of the issues of possession and ownership as separate as possible and to encourage the determination of the issue of possession before the bringing of the petitory action. Yiannopoulous, Louisiana Civil Law Treatise-Property, supra.

. A judgment for plaintiff in a possessory action must, if plaintiff prays for such relief (and the plaintiff did in the present case), order the defendant to assert his adverse claim of ownership within a specified delay or be precluded thereafter from asserting ownership. C.C.P. art. 3662.