# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2025

Lyle W. Cayce
Clerk

————————

No. 25-30048

————————

IN THE MATTER OF LARRY LOUIS COUPEL; NATALIE LOMBAS COUPEL,

*Debtors*,

LARRY LOUIS COUPEL; NATALIE LOMBAS COUPEL,

*Appellants*,

*versus*

ELI EDMOND KFOURY; NADRA MICHEL KFOURY; JOSEPH ADIB KFOURY; TONY ADIB KFOURY; NOHA ADIB KFOURY; CARMEN ADIB KFOURY MOUBARAK; SONIA ADIB KFOURY MORR; JEANETTE ADIB KFOURY MORR; JEAN EDMOND KFOURY; NICHOLAS EDMOND KFOURY; MICHELINE EDMOND KFOURY; AMALE EDMOND KFOURY; AFAF SHAFICK KFOURY AOUN,

*Appellees*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-1275

————————————————————

Before HIGGINBOTHAM, HO, and DOUGLAS, *Circuit Judges*.

No. 25-30048

Per Curiam:[*]

Appellants contest ownership of certain immovable property located in Assumption Parish, Louisiana. For the following reasons, the district court's decision is hereby AFFIRMED.

I

The present litigation began in 2008 when Appellees, the Kfourys, filed a possessory action in state court claiming they had quietly possessed the disputed property for at least thirty years when Appellants, the Coupels, disturbed their possession. *See Kfoury v. Coupel*, 2010-1254 (La. App. 1 Cir. 2/11/11), 2011 WL 766960 (unpublished), *writ denied*, 2011-0752 (La. 5/27/11), 63 So. 3d 1000. During the possessory action, the parties read into the record terms of a settlement agreement. *Kfoury*, 2011 WL 766960, at *1. Before the settlement terms were read aloud in open court, the judge cautioned, "Everyone listen very closely; all parties listen very closely to what's being said because once we enter the stipulation, it's going to be recorded and you are going to be bound by it." The compromise settled both the issues of "possession and ownership" and stated, in pertinent part:

> [Land surveyors retained by each party] . . . will go out and work and mark and identify the eastern boundary line . . . . The boundary will be established as to—that boundary, once established will be the extent of the possession and ownership of the Kfoury family . . . but will include but not limited to [sic] the launch on the rear road and the appurtenances will be deemed to be in the possession owned by the Kfoury family once that line is marked.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30048

*Id.* at *1.  The district court transcript reflects that counsel for the Kfourys stated, "there'll be no pedatory [sic] action.  Obviously this settles those issues."  The state district court then confirmed that "this would take care of . . . the pedatory [sic] action . . . ."

The Kfourys filed a motion to enforce the settlement agreement after the Coupels failed to comply with the settlement's survey requirements.[1] *Id.* at *1–2.  In July of 2009, the state district court entered a judgment enforcing the terms of the settlement agreement and adopting the boundary established by the Kfourys' land surveyor.  *Id.*  The Coupels moved for a new trial, arguing that the compromise was unenforceable.  *See id.* at *2–3.  Upon denial of the motion for new trial, the Coupels appealed to the Louisiana First Circuit Court of Appeals, and the appellate court affirmed the denial of the motion and held that the district court did not err in deeming any conditions fulfilled, enforcing the settlement agreement, and adopting the boundary established by the Kfourys' surveyor.  *Id.* at *3–4 (finding no error in the district court's determination that the Kfourys' surveyor "determined a boundary as contemplated by the parties' agreement recited in open court").  The Louisiana Supreme Court denied the Coupels' application for supervisory writ.  *Kfoury v. Coupel*, 63 So. 3d at 1000 (La. 2011).

In 2010, the Coupels filed a bankruptcy petition.  *In re Coupel*, No. 10-13429, R. Doc. 1 (Bankr. E.D. La.).  In 2011, the Kfourys sought injunctive relief against the Coupels for interference with a right of passage granted to the Kfourys in the settlement, as enforced through the 2009 judgment.  The state district court granted the Kfourys injunctive relief; in response, the Coupels argued that an automatic stay, pursuant to

---

[1] The state appellate and district courts correctly noted that the Coupels refused to direct their surveyor to inspect the property and delineate a boundary. *Kfoury*, 2011 WL 766960, at *4).

3

11 U.S.C. § 362(a), should "void and cancel" the 2011 judgment granting injunctive relief. *See In re Coupel*, No. 10-13429, R. Doc. 184 (Bankr. E.D. La.); *see also Coupel v. Kfoury*, No. CV 24-1275, 2025 WL 50038, at *2 (E.D. La.). In 2016, the Bankruptcy Court for the Eastern District of Louisiana decided that the automatic stay did not apply to the district court's judgment and gave "full force and effect" to the 2009 judgment. *In re Coupel*, No. 10-13429, R. Doc. 184 (Bankr. E.D. La.). The Coupels appealed only the portion of the bankruptcy court's judgment pertaining to the stay, not the portion regarding the validity of the state district court's judgment enforcing the settlement. *See In re Coupel*, 556 B.R. at 748–49. The District Court for the Eastern District of Louisiana affirmed the bankruptcy court's decision. *Id.* at 756–57.

In 2022, the Coupels filed a second bankruptcy petition. *In re Coupel*, No. 22-11060, R. Doc. 1 (Bankr. E.D. La.). During the second bankruptcy proceeding, the Coupels filed a complaint styled as a petitory action to determine ownership of real property and/or to quiet title, and the Kfourys filed a motion to dismiss the adversary complaint based on res judicata. The bankruptcy court granted the Kfourys' motion to dismiss on those grounds, and the Eastern District again affirmed the bankruptcy court's ruling. *Coupel*, 2025 WL 50038, at *6.

In the present appeal, the Coupels ask our court to determine whether the district court erred in affirming the bankruptcy court's dismissal of the Coupels' adversary complaint regarding ownership of the disputed property.

II

We proceed with an exposition of the relevant law. The preclusive effects of a past judgment are determined under the law of the state that rendered the judgment. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002); *Vanguard Operating, LLC v. Klein*, 624 B.R. 400,

416 (Bankr. S.D. Tex. 2020) ("[I]n giving preclusive effect to the judgments of state courts, a federal court will apply the preclusion law of the state from which the judgment was rendered."). Under Louisiana law, past litigation precludes a future suit when all of the following conditions are met:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053 (citing LA. R.S. 13:4231).

Louisiana law further provides that "[a] compromise precludes the parties from bringing a subsequent action based on the matter that was compromised." LA. CIV. CODE ANN. art. 3080; *see also Joseph v. Huntington Ingalls Inc.*, 2018-02061 (La. 1/29/20), 347 So. 3d 579, 584 ("While ordinarily premised on a final judgment, the doctrine of res judicata also applies where there is a compromise or settlement of a disputed claim or matter that has been entered into between the parties."). A valid compromise may be "recited in open court . . . [and must be] susceptible of being transcribed from the record of the proceedings." LA. CIV. CODE ANN. art. 3072.

\* \* \*

We review this appeal under the same standard the district court applied in its review of the bankruptcy court's decision. *Matter of Provider Meds, L.L.C.*, 907 F.3d 845, 850 (5th Cir. 2018). Accordingly, we consider issues of law de novo and review facts for clear error. *In re Barragan-Flores*,

984 F.3d 471, 473 (5th Cir. 2021) (citing *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005) (per curiam)).

The applicability of res judicata is a question of law. *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023). We review dismissals pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) de novo. *Id.* (citing *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021)). "Although res judicata generally cannot be raised in a motion to dismiss and should instead 'be pleaded as an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and from judicially noticed facts . . . ." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020). When considering a Rule 12(b)(6) motion to dismiss, federal courts may take judicial notice of matters of public record.[2] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).

### III

On appeal, the Coupels challenge the district court's affirming the bankruptcy court's grant of the Kfourys' motion to dismiss. Specifically, the Coupels argue (A) that the 2009 compromise, which was read aloud in open court but not reduced to writing by the parties, is unenforceable and therefore cannot serve as grounds to dismiss their adversary complaint and (B) that the compromise cannot bar their adversary complaint because it was enforced through a judgment in a possessory action.

---

[2] Like the bankruptcy court and the district court, we take judicial notice of the 2009 state court judgment and other matters of public record. *Coupel*, 2025 WL 50038, at *3 n.48 (E.D. La. 2025) (citing *Anderson*, 953 F.3d at 314). Whether res judicata may be raised in a motion to dismiss is not at issue here because the Coupels did not contest it in the bankruptcy proceeding. *Coupel*, 2025 WL 50038, at *3 n.48.

No. 25-30048

A

Appellants' argument that the settlement agreement is invalid because it was never executed in writing fails. As explained in detail *supra*, the state district court entered a judgment enforcing the settlement agreement in 2009, the state appellate court affirmed the 2009 judgment, the bankruptcy court gave the 2009 judgment enforcing the settlement agreement "full force and effect," and the federal district court affirmed the bankruptcy's enforcement of the 2009 judgment. As the federal district court correctly noted, "in filing the instant adversary complaint, and on this appeal, the Coupels effectively attempt to untimely appeal the 2009 state court judgment and the bankruptcy court's 2016 decision giving effect to the 2009 state court judgment."[3] *Coupel*, 2025 WL 50038, at *5; s*ee* FED. R. BANKR. P. 8002 (imposing a fourteen-day limit to appeal a bankruptcy judgment to the district court). The validity of the settlement agreement and 2009 judgment enforcing it, thus, are no longer at issue.

B

A judgment in a possessory action may determine the issue of possession—but not ownership—while a judgment in a petitory action may determine the issue of ownership. *See Causeway Land Co. v. Karno*, 317 So. 2d 661, 663 (La. App. 4th Cir. 1975); *see also* LA. CODE CIV. PROC. arts. 3651, 3655. Here, however, the parties entered into a compromise rather than determining the merits of the possessory action via judgment. "[T]he

---

[3] In 2016, the bankruptcy court held that the 11 U.S.C. § 362(a) automatic stay did not apply to the settlement agreement and 2009 judgment and that the 2009 judgment, which enforced the terms of the settlement agreement and adopted the boundary established by the Kfourys' land surveyor, "shall be given full force and effect." *In re Coupel*, No. 10-13429, R. Doc. 182 (Bankr. E.D. La.). As discussed *supra*, the Coupels appealed only the extent of the automatic stay but not the portion of the bankruptcy court's order giving effect to the 2009 judgment.

7

No. 25-30048

Civil Code articles on compromise permit parties to a compromise to settle any difference they may have in the present or in the future that is the subject of a lawsuit or that could result in litigation." *Joseph*, 347 So. 3d at 588 (citing La. Civ. Code Ann. arts. 3071, 3076, 3082). For the reasons that follow, the district court did not err in affirming the bankruptcy court's dismissal of the Coupels' petitory action based on res judicata.

1

The district court did not err in affirming that the settlement agreement, as enforced through the 2009 judgment, established the boundary and decided possession and ownership of the disputed property. Louisiana law requires that the party asserting res judicata has the burden of establishing a valid compromise, "including the parties' intent to settle the differences being asserted in the action." *Young*, 294 F.3d at 637. A compromise is subject to the general rules of contract. *Id.* at 636 (citing *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So. 2d 741, 748). Accordingly, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *Young*, 294 F.3d at 636 (quoting La. Civ. Code Ann. art. 2046). Further, compromise agreements are subject to a supplementary rule of interpretation:

> Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.

*Id.* at 636–37 (quoting La. Civ. Code Ann. art. 3073); *Brown*, 630 So. 2d at 748.

No. 25-30048

Here, the terms of the settlement agreement stated that the matters of "possession and ownership" were to be determined by the method described therein.[4]  Although the determination method indicated that the extent of possession and ownership was to be decided based on a boundary established by the parties' respective surveyors, the Coupels refused to direct their surveyor to take the required action.  The state district court then determined, and the state appellate court affirmed, that any conditions to the compromise were fulfilled and the boundary drawn by the Kfourys' surveyor determined the extent of the Kfourys' possession and ownership.  There is no evidence that the parties "never intended to include" resolution of the issue of ownership.  To the contrary, the settlement terms evidence the parties' clear intent to resolve the disputed issues, including the issue of ownership.

Appellants remind us that Louisiana courts are reluctant to interpret a compromise as barring future litigation unless the parties clearly express intent to waive such future litigation.  *Young*, 294 F.3d at 637 (stating that "'releases of future actions are narrowly construed'" (quoting *Brown*, 630 So. 2d at 748)).  In interpreting settlement agreements, "courts are guided by the general principle 'that the [compromise] must be construed as a whole and in light of attending events and circumstances.'"  *Brown*, 630 So. 2d at 748 (quoting *Succession of Teddlie*, 385 So. 2d 902, 904 (La. App. 2d Cir. 1980), *writ denied*, 393 So. 2d 742 (La. 1980)).

---

[4] As discussed *supra*, the validity of the compromise agreement is not at issue because the Coupels failed to appeal that issue when the bankruptcy court determined in 2016 that the stay did not apply to the settlement agreement and 2009 judgment. *See* FED. R. BANKR. P. 8002 (imposing a fourteen-day limit to appeal a bankruptcy judgment to the district court).

No. 25-30048

Should there be any question that the settlement terms themselves clearly indicate that the parties intended to preclude a future petitory action, the district court transcript shows that counsel for the Kfourys and the district court specifically stated that the settlement would foreclose any future petitory action. This commentary buttresses the parties' clear intent expressed through the terms of the settlement agreement and leaves no question that the parties intended to foreclose the option to litigate ownership of the property in a future petitory action.

2

The district court did not err in affirming the bankruptcy court's finding that the compromise and the 2009 judgment enforcing it preclude the Coupels' adversary complaint regarding ownership. The Louisiana Civil Code clearly indicates that "[a] compromise precludes the parties from bringing subsequent action based upon the matter that was compromised." LA. CIV. CODE ANN. art. 3080; *Brown*, 630 So. 2d at 747 (stating that "a valid compromise can form the basis of a plea of res judicata"). As discussed *supra*, res judicata bars a future claim when five essential elements are satisfied. "Applying the preclusion law of Louisiana, and considering federal preclusion law," the bankruptcy court decided, and the district court affirmed, that both the compromise and the state district court judgment enforcing the compromise bar the Coupels from relitigating the issue of ownership of the disputed property. *Coupel*, 2025 WL 50038, at *5 (citation modified).

We agree that all five elements of res judicata are met here. First, the district court's judgment enforcing the terms of the settlement agreement is valid and final. The Louisiana Court of Appeal for the First Circuit affirmed the district court's judgment, and the Louisiana Supreme Court denied

supervisory writ. Thus, the first two elements are met. The third element, likewise, is satisfied because it is undisputed that the parties are the same.

As to element four, the cause of action—ownership of the disputed property—existed at the time the compromise was created and enforced through the 2009 judgment. The dispute regarding ownership of the property did not arise at some point after the compromise was entered and given effect; instead, it existed at the time of the first litigation.

Finally, as to the fifth element, the cause of action now asserted "arose out of the transaction or occurrence that was the subject matter of the first litigation." *Burguieres*, 843 So. 2d at 1053. Here, the cause of action now asserted is a petitory action, and the "first litigation" is the compromise and 2009 judgment enforcing the compromise. Because the possessory action was resolved by compromise, the Coupels' claim that the petitory action could not have been asserted in the possessory action does not apply. Although the Kfourys initiated the litigation via possessory action, the terms of the settlement agreement disposed of all issues of possession and ownership. Therefore, the Coupels' cause of action in the petitory action arose out of the same transaction or occurrence at issue in the settlement and judgment enforcing the settlement.

While it is true that the matter of ownership may not be adjudicated in a possessory action, the parties to the possessory action reached a compromise which extended beyond the relief typically granted in a possessory action. Thus, Appellants' argument that a possessory action, by nature, cannot preclude a petitory action is inapposite. The settlement agreement, as enforced by the 2009 judgment, clearly established the boundary of the disputed property and determined the issues of possession and ownership. Our decision does not indicate that a judgment of possession in other possessory actions would preclude litigation of the issue of

No. 25-30048

ownership of the same immovable property in future petitory actions. Our holding in the present case simply means that a valid compromise agreement which resolves the issue of possession *and ownership* precludes a future petitory action, even if that compromise is established by way of a possessory action.

## IV

For the preceding reasons, the decision of the district court is hereby AFFIRMED.